UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN T. PRATT,

    Plaintiff,

-vs-                                        Case No. 8:09-cv-1759-T-27TGW

J. REID,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff, a prisoner confined in the Faulkenburg Road Jail, Tampa, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2). Accordingly, this Court conducted a preliminary review of the complaint. Notwithstanding affording a liberal construction to the Complaint, this Court determines that it is subject to summary dismissal pursuant to § 1915(e)(2). *Williams v. St. Vincent Hospital*, 258 Fed. Appx. 293 (11th Cir. 2007).

*In forma pauperis* proceedings are governed by § 1915. *Williams v. St. Vincent Hospital*, 258 Fed. Appx. at 294. A *pro se* complaint may be dismissed pursuant to § 1915(e)(2) for frivolity or failure to state a claim. *Id.* A complaint is frivolous if without arguable merit in law or in fact. *Id.* The instant Complaint has no arguable merit under federal civil rights laws, specifically 42 U.S.C. § 1983 *et seq.*

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against

government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

>   (a)  Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b)  Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

The procedure required by § 1915A is to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because defendant is a governmental employee, Plaintiff's complaint is subject to review pursuant §1915A.

**Plaintiff's allegations**

Plaintiff's complaint alleges that on August 21, 2009, Defendant Reid called Plaintiff a "nigger," which Plaintiff perceives as threatening. For relief, Plaintiff requests that Defendant Reid be questioned about the incident, that "monitors" be placed in all prison cells to help prisoners prove their claims, and "justice." (Dkt. 1 at pgs. 10-12).

**Analysis**

To prevail on a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate (1) that defendant deprived him of a right secured by the Constitution or federal law and (2) that such deprivation

2

occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal abuse and harassment does not violate the Eighth Amendment. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). While the racial epithet Plaintiff attributes to Defendant Reid is undisputedly repugnant and unprofessional, it does not rise to the level of a constitutional violation for purposes of § 1983.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

2. The **Clerk of Court** shall terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _AUGUST 28th_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: Plaintiff *pro se*

3